## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

Jennifer Kessinger,

    Plaintiff,

    v.

Ross County Sheriff Department,
*et al.*,

    Defendants.

Case No. 2:21-cv-203

Judge Michael H. Watson

Magistrate Judge Deavers

### OPINION AND ORDER

Ross County and Lieutenant Kevin S. Pierce ("Pierce" collectively, "Defendants") move for summary judgment on Jennifer Kessinger's ("Plaintiff") remaining claims. For the following reasons, the motion is **GRANTED**.

### I. FACTS

Additional facts will be provided in the analysis section, but an overview of the facts is as follows:

During the relevant times, Plaintiff worked as a dispatcher and Pierce as a Lieutenant at the Ross County Sheriff's Office (the "Sheriff's Office"). Pl. Dep. 12:19–13:6, ECF No. 51; Pierce Dep. 11:12–12:18, ECF No. 52. In early July 2019, Plaintiff saw a woman trespassing on the Sheriff Office's property. Sec. Am. Compl. ¶ 12, ECF No. 27; Pl's Decl. ¶ 2, ECF No. 58; Pierce Dep. 18:20–19:3, ECF No. 52. Plaintiff contacted the shift sergeant, who in turn contacted Pierce about the situation. Pierce Dep. 19:10–18, ECF No. 52. Pierce said that

they should get a report, collect any evidence, and release the woman. *Id*. The shift sergeant relayed those instructions to Plaintiff. Pl. Dep. 34:10–17, ECF No. 51. Later, a higher-ranking supervisor told Plaintiff to take the woman to jail. *Id*. Plaintiff did so. *Id*. at 36:19–23.

Later that month, Plaintiff was in a common area and another supervisor complimented her perfume. *Id*. at 25:10–19, 27:13–16. Pierce then referred to Plaintiff's perfume as "ho juice" several times. *Id*. at 26:1–5. This exchange lasted about twenty minutes. *Id*. at 29:15–17. Sometime during the exchange, Pierce struck Plaintiff on the shoulder with his fist. *Id*. at 29:5–6. The Court will refer to this twenty-minute interaction as the "Incident."

A month later, Plaintiff reported the Incident to the staff captain (the "Captain"). *Id*. at 37:6–38:3. The Captain told Plaintiff he would need to talk to the Sheriff about the Incident and asked Plaintiff to put her complaint in writing, which Plaintiff did. *Id*. at 38:15–23, 44:3–6. The Captain asked Plaintiff if she wanted to pursue criminal charges against Pierce, but Plaintiff declined. *Id*. at 38:24–39:4. Plaintiff later testified that she declined because she feared retaliation. *Id*. at 39:5–9.

Shortly after speaking with the Captain, another supervisor met with Plaintiff and Pierce, purportedly to "clear things up." *Id*. at 46:17–47:5. Pierce apologized for the "ho juice" comments. *Id*. at 47:9–15. Plaintiff testified that she "went along with" the apology out of fear. *Id*. Afterward, Plaintiff sent the supervisor the following text message: "I just wanted to say thanks for everything

today, and making the situation better for everyone involved." Request for Admission No. 22, ECF No. 54-1.

Later, Plaintiff met with the Sheriff, who offered to continue investigating the Incident. Pl. Dep. 45:5–21, ECF No. 51. Plaintiff again declined. *Id*. at 45:22–46:1. Plaintiff made no other complaints about her work until she resigned in October 2019. *Id*. at 48:21–49:1.

Based on these events, Plaintiff sued Defendants for, among other things, hostile work environment, and intentional infliction of emotional distress ("IIED"). *See generally*, Sec. Am. Compl., ECF No. 27.

## II.    STANDARD OF REVIEW

The standard governing summary judgment is set forth in Federal Rule of Civil Procedure 56(a): "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

The Court must grant summary judgment if the opposing party "fails to make a showing sufficient to establish the existence of an element essential to that party's case" and "on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When reviewing a summary judgment motion, the Court must draw all reasonable inferences in favor of the nonmoving party, who must set forth specific facts showing there is a genuine dispute of material fact for trial, and the Court must refrain from making credibility determinations or weighing the evidence. *Matsushita Elec. Indus. Co., Ltd. v.*

*Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49, 255 (1986). The Court disregards "all evidence favorable to the moving party that the jury would not be required to believe." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000) (citation omitted). Summary judgment will "not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248 (internal citations and quotation marks omitted).

The Court is not "obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989). The Court may rely on the parties to call attention to the specific portions of the record that demonstrate a genuine issue of material fact. *Wells Fargo Bank, N.A. v. LaSalle Bank N.A.*, 643 F. Supp. 2d 1014, 1022 (S.D. Ohio 2009).

### III.   ANALYSIS

The following claims remain: (1) hostile work environment, in violation of Title VII and analogous state laws against Ross County; and (2) an IIED claim against both Defendants. *See generally*, Sec. Am. Compl., ECF No. 27; Opinion and Order, ECF No. 38. Defendants move for summary judgment on both claims. Mot., ECF No. 54.

## A.  Hostile Work Environment

To prevail on a hostile work environment claim on the basis of sex discrimination under Title VII and Ohio law,[1] a plaintiff must establish: "(1) she was a member of a protected class; (2) she was subjected to unwelcomed harassment; (3) the harassment was based on sex; (4) the harassment created a hostile work environment; and (5) employer liability." *Wyatt v. Nissan N. Am., Inc.*, 999 F.3d 400, 411 (6th Cir. 2021) (cleaned up).

### 1.  Based on Sex

To establish the "harassment based on sex" element, a plaintiff must show that the alleged mistreatment would not have occurred "but for the employee's gender." *Kubik v. Cent. Michigan Univ. Bd. of Trustees*, 717 F. App'x 577, 584 (6th Cir. 2017) (quotation marks and citation omitted).  "[H]arassing behavior that is not sexually explicit but is directed at women and motivated by discriminatory animus against women satisfies the 'based on sex' requirement." *Williams v. Gen. Motors Corp.*, 187 F.3d 553, 565 (6th Cir. 1999) (citing cases)

Here, there is no genuine dispute of material fact that the harassment was not "based on sex."  Read generously, Plaintiff points to a few instances of sex-based harassment: (1) the "ho juice" comment; (2) striking her shoulder while

---

[1] "Ohio has held that federal case law interpreting Title VII claims is generally applicable to cases involving alleged violations of [Ohio Revised Code] § 4112.02(A)." *Vehar v. Cole Nat'l Grp.*, 251 F. App'x 993, 1002 (6th Cir. 2007) (citing cases).

pregnant; and (3) "other" misogynistic comments. Resp., ECF No. 57. The Court examines each, in turn.

First, the Court considers the "ho juice" comments. At first glance, this seems like sex-based harassment. Without a doubt, it was an offensive comment, and "ho" is a "gender-specific epithet" which might, in a vacuum, indicate that the harassment was based on sex. *See Williams*, 187 F.3d at 565–66. However, Defendants have put forth evidence that Pierce made the same "ho juice" comments to male co-workers. Pierce Dep. 24:4–19, ECF No. 52. Plaintiff does not refute this evidence. Thus, because it is undisputed that Pierce made the "ho juice" comments to both men and women—and in reference to both men and women—there is no genuine dispute of material fact that the "ho juice" comment was not discrimination based on sex.

Next, turn to the strike on the shoulder. Plaintiff asserts that Pierce struck her on the arm while she was pregnant and that this demonstrates sex-based harassment. Again, there is no question that an unwanted strike, even if intended in a teasing way, is inappropriate. Yet Defendants have put forth evidence that Pierce had no knowledge that Plaintiff was pregnant. Pierce Dep. 40:4–6, ECF No. 52. Because Pierce did not know Plaintiff was pregnant, her pregnancy could not have been any part of his motivation for the strike. Beyond pointing to the fact that she was pregnant at the time, Plaintiff offers no evidence to show that Pierce struck her because she is a woman. Thus, there is no

evidence from which a reasonable jury could conclude that the strike on the shoulder was "based on sex."

Third, the Court examines the alleged other misogynistic comments. In Plaintiff's response, she asserts that she was subject to other misogynistic comments. *E.g.*, Resp. 2, ECF No. 57 (citing Pl. Dep. 26–27, 29, ECF No. 51). However, the deposition testimony she cites in support of that contention does not support it. *Id.*; *see also* Pl. Dep. 26:1–27:24, 29:1–24. The cited-to deposition testimony relates to only the Incident. *Id.* Nor does Plaintiff point to any other evidence that she suffered any misogynistic or otherwise sex-based comments.[2] In sum, there is no genuine dispute of material fact that Plaintiff did not experience other misogynistic or harassing conduct.

Accordingly, for the reasons just explained, there is no genuine dispute of material fact that the harassment was not "based on sex." As a result, Defendants are entitled to summary judgment on the hostile work environment claims.

### 2. Hostile Work Environment

In the alternative, Defendants are entitled to summary judgment because there is no genuine dispute of material fact that Plaintiff does not satisfy the

---

[2] Plaintiff submits a three-paragraph declaration in which she declares that "all statements" in the Second Amended Complaint are true. Pl. Decl. ¶ 3, ECF No. 58. Even if such a declaration turns a complaint into evidence, Plaintiff still does not point to any specific factual allegation in her Complaint to support her contention that she experienced other harassing comments.

fourth element: that the harassment created a hostile work environment. To show that sex-based harassment created a hostile work environment, a plaintiff must show that the environment was both objectively and subjectively hostile. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21–22 (1993). On the objective side, that means that the "workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Id.* at 21 (internal quotation marks and citations omitted). Factors to consider include "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* at 23. The Sixth Circuit has instructed that "harassment involving an element of physical invasion is more severe than harassing comments alone." *Wyatt*, 999 F.3d at 411 (internal quotation marks and citations omitted). On the subjective side, the employee must "subjectively perceive the environment to be abusive." *Harris*, 510 U.S. at 21.

Here, the factors weigh against finding that the harassment was objectively severe or pervasive. First, the frequency of the harassment supports this conclusion. As discussed above, Plaintiff points to evidence of only one instance of harassment: the Incident. One offensive occurrence throughout a plaintiff's employment is rarely "severe or pervasive." *See Freier-Heckler v. McDonough*, No. 22-3233, 2023 WL 2378507, at *3 (6th Cir. Mar. 7, 2023) ("Because the

discriminatory intimidation alleged must be severe and pervasive, isolated incidents of discrimination will not amount to discriminatory changes in the terms and conditions of employment unless they are extremely serious." (quotation marks and citation omitted)). Therefore, this factor weighs against Plaintiff.

Next, turn to the severity. The "ho juice" comment is obviously offensive, but it is significantly less serious than conduct the Sixth Circuit has found "severe or pervasive." *E.g., Wyatt*, 999 F.3d at 411 (finding harassment "severe or pervasive when the accused, among other things, tried to touch the plaintiff every time he saw her and continually rubbed her back after being asked to stop, and then took the plaintiff to a hotel room "under false pretenses," sexually propositioned her, and "expos[ed] his genitals to her"). True, there was a physical element to the interaction: the shoulder strike. That does make the harassment more severe. *See id.* (explaining that "harassment involving an element of physical invasion is more severe than harassing comments alone" (cleaned up)). However, the physical element was not sexual or particularly harmful. For example, Plaintiff testified that she did not bruise from the strike. Pl. Dep 30:11–14, ECF No. 51. Thus, although the physical element necessarily makes the harassment more serious, here it does so only a little. In sum, this factor weighs at least somewhat against a finding of "severe or pervasive."

Third, the Court considers whether the harassment was physically threatening or humiliating: again, there is a physical aspect here. But as explained above, the physical aspect is, on the whole, not objectively severe.

Case No. 2:21-cv-203         Page 9 of 14

Thus, this factor favors Defendants. *See Bowman v. Shawnee State Univ.*, 220 F.3d 456, 464 (6th Cir. 2000) (concluding that five instances of harassing behavior—three of which included a physical invasion—was not "severe or pervasive").

Finally, the Court turns to the "unreasonable interference" element. To show unreasonable interference, a plaintiff "need not prove that [her] tangible productivity has declined as a result of the harassment" but must show that "the harassment made it more difficult to do the job." *Nathan v. Great Lakes Water Auth.*, 992 F.3d 557, 570 (6th Cir. 2021) (quotation marks and citation omitted). Here, Plaintiff was not scheduled to work the day of the Incident and she does not point to evidence showing how the Incident affected her work, other than her subjective fear of repeat occurrences. However, an "isolated incident[]" of harassing behavior does not usually create "unreasonable interference." *Myers v. Todd's Hydroseeding & Landscape, L.L.C.*, 368 F. Supp. 2d 808, 810 (E.D. Mich. 2005) (quotation marks and citation omitted). Accordingly, this factor weighs against Plaintiff.

On balance, there is no genuine issue of material fact that the factors weigh against a finding that the harassment was objectively severe or pervasive. As a result, Defendants are entitled to summary judgment on the hostile work environment claims.

### 3. Employer liability

Defendants also argue that Plaintiff cannot establish employer liability here. Mot. 15–16, ECF No. 54. Because the Court has already concluded that Plaintiff's hostile work environment claims fail for two other reasons, it need not consider employer liability.

### B. Intentional Infliction of Emotional Distress[3]

To succeed a claim for IIED, a plaintiff must show:

> (1) the defendant either intended to cause emotional distress or knew or should have known that the actions taken would result in serious emotional distress; (2) the defendant's conduct was "extreme and outrageous"; (3) defendant's actions proximately caused psychic injury; and (4) the mental anguish suffered by the plaintiff was serious, and no reasonable person could be expected to endure it.

*Rossi v. Alcoa, Inc.*, 129 F. App'x 154, 159 (6th Cir. 2005) (citing Ohio law). Under Ohio law, the conduct must be so extreme and outrageous that it goes "beyond all possible bounds of decency, and [is] regarded as atrocious and utterly intolerable in a civilized community." *Id.* (citation omitted). In Ohio, sexual harassment may be the basis of an intentional infliction of emotional distress claim where the "alleged harasser occupies a position of power over the victim,"

---

[3] When, as here, all federal claims have been dismissed and there is no independent basis for jurisdiction over the state-law claims, there is a presumption that the Court should decline to exercise supplemental jurisdiction over the state-law claims. Here, however, there is no evidence of forum manipulation, discovery is complete, and the Court has significant familiarity with the case. *Gamel v. City of Cincinnati*, 625 F.3d 949, 951–2 (6th Cir. 2010) (citation omitted). Further, the analysis of the remaining state-law claim is straight-forward and will not overly burden the Court. *Id.* (citation omitted). Thus, this is the unusual case when the Court will exercise supplement jurisdiction over the remaining state-law claim.

but only if the resulting emotional distress is "both severe and debilitating."
*Herman v. Ohio Univ.*, No. 2:19-CV-201, 2019 WL 6242159, at *7 (S.D. Ohio
Nov. 22, 2019) (citation omitted) (discussing the issue when ruling on a motion
for judgment on the pleadings).

Defendants are entitled to summary judgment on the IIED claim. First, the
Court is skeptical that the Incident is so severe that it was "beyond all possible
bounds of decency." At the motion-to-dismiss stage, the Court concluded that
Plaintiff had alleged sufficiently outrageous conduct in part because she alleged
that Pierce sexually harassed her multiple times. Opinion and Order 16–19, ECF
No. 38. Now, however, Plaintiff cannot rest of the allegations in her Complaint.
*See Johnson v. Harter*, No. 22-1888, 2023 WL 6845247, at *1 (6th Cir. June 1,
2023) (instructing that, when responding to a well-supported motion for summary
judgment, "the nonmoving party cannot rest on its pleadings, but must present
significant probative evidence in support of the complaint to defeat the summary-
judgment motion." (citation omitted)). As discussed above, Plaintiff points to no
evidence that Pierce harassed her on other occasions. Because there is no
genuine dispute of material fact that Pierce's inappropriate comments were
limited to one occasion, the Court is skeptical that it is the sort of "outrageous"
conduct for an IIED claim.

More importantly, there is no genuine dispute of material fact that Plaintiff's
emotional distress is not the sort of "severe and debilitating" distress necessary
to support an IIED claim. Plaintiff testified that she feels "very sad" and "hurt,"

and that the assault "weighs" on her. Pl. Dep. 54:24–55:1, 61:23–62:1, ECF No.

51. But Plaintiff also admitted that she never sought psychiatric treatment,

continued working for three months after the Incident, and suffered no harms to

her relationships. *Id.* at 23:16–18, 33:3–6, 54:9–11. This is not the type of

"severe and debilitating" emotional distresses needed to support an IIED claim.

*E.g.*, *Colston v. Cleveland Pub. Libr.*, 522 F. App'x 332, 340 (6th Cir. 2013)

(concluding that the plaintiff did not establish severe emotional distress when she

testified that she "was able to perform her job effectively" and offered "no medical

records . . . showing that she suffered emotional injury" (citing Ohio law)).

At bottom, there is no genuine dispute of material fact that Plaintiff did not

experience the kind of "severe and debilitating" emotional distress to support an

IIED claim in the employment context. Defendants are thus entitled to summary

judgment on the IIED claim.

## C.    Final Remarks

This Opinion and Order may seem overly harsh to Plaintiff. After all, there

is little doubt that Peirce (and perhaps others) treated Plaintiff unkindly and

inappropriately. However, Plaintiff and her counsel have repeatedly failed to

explain how that inappropriate treatment violated federal law. And the Court has

given Plaintiff chances to do so. As one example, because of the opaque

wording Plaintiff used, her First Amended Complaint fell short of alleging subject-

matter jurisdiction; the Court sua sponte invited Plaintiff to move for leave to

amend the then-operative complaint. ECF No. 23. At the motion-to-dismiss

stage, the Court allowed two claims to proceed even though both presented a close call as to whether Plaintiff had plausibly stated a claim. ECF No. 38.

Now, at summary judgment, Plaintiff has failed to point the Court to any *evidence* to support that Defendants violated the law. With the briefing before the Court, Plaintiff has failed to show a genuine dispute of material fact and, therefore, summary judgment is appropriate.

## IV. CONCLUSION

For these reasons, Defendants' motion is **GRANTED**. The Clerk shall enter judgment for Defendants and close the case.

**IT IS SO ORDERED.**

MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT